IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIRENA R. PERMENTER, Beneficial Owner and Designated Representative for Permenter, Sirena R. Permenter, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. Action No. 17-1727-GMS |
| MATT DENN, Attorney General of the State of Delaware, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM**

The plaintiff, Sirena R. Permenter ("Permenter"), who resides in Middletown, Delaware, filed this lawsuit on November 30, 2017. (D.I. 2.) She appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

Permenter filed this "memorial for declaratory judgment matter of interest to note'" invoking 35 U.S.C. § 31 and 38 U.S.C. § 315(e) and describing the case as "RICO, white collar crime." (D.I. 2-2.) She seeks declaratory judgment or declaratory relief "for violations of the Foreign Corrupt Practices Act, RICO Act, False Claims Act, White Collar Crime; and many other provisions covering similar fraud; identity theft; false identification and abuse." (D.I. 2 at 1.) While far from clear, it appears this lawsuit has something to do with misdemeanor charges brought against Permenter on September 16, 2016, in the Court of Common Pleas for the State of Delaware in and for New Castle County, *State v. Permenter*, Case I.D. No. 1607009672 for

1

failure to have insurance identification in possession, failure to sign and carry a license, and failure to have a license plate secured to her vehicle. (D.I. 2-1, ex. B.) She asks the court to issue a decree for estoppel pursuant to 35 U.S.C. § 315(e) (*i.e.*, patents and protection of patent rights) and the dismissal with prejudice of Case I.D. No. 1607009672. She has also filed a motion for summary possession. (D.I. 7.)

## II.  STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Permenter proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

2

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Permenter leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Permenter's conclusory allegations do not meet the pleading requirements of *Iqbal* and *Twombly*. After thoroughly reviewing the complaint, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. Indeed, the complaint refers to federal statutes that have no connection to the allegations, consists of claims that are clearly baseless and are insufficient to withstand this court's evaluation for frivolity dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In addition, Permenter seeks relief not available to her. This court does not have the authority to dismiss the misdemeanor charges filed against her in State court.

Because there are no viable federal claims, this court does not have jurisdiction under 28 U.S.C. § 1331. Nor is there jurisdiction by reason of diversity under 28 U.S.C. § 1332 given that all parties are citizens of the same state, Delaware. Plaintiff provides a Delaware address and the sole defendant is Matt Denn, Attorney General of the State of Delaware.

Because the complaint fail to state a federal claim and the parties are not diverse, this court lacks jurisdiction over the matter.

## IV. CONCLUSION

The court will dismiss the complaint for lack of jurisdiction. The motion for summary possession will be denied as moot. (D.I. 7.)

An appropriate order will be entered.

_____April 3_____, 2018
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE

4